ACTIENGESELLSCHAFT VEREINIGTE ULTRAMARINE FABRIKEN,
VORMALS LEVERKUS, ZELTNER & CONSORTEN
IN NURNBERG, v. AMBERG.

(Circuit Court, D. New Jersey.  May 7, 1900.)

UNFAIR COMPETITION—PACKAGES AND LABELS—RIGHT TO EXCLUSIVE USE.
  To entitle a manufacturer to protection in the exclusive use of the style
  of package and label adopted by him as to shape, colors, and general ap-
  pearance, it must appear not only that he was the first to use such dress
  for his goods, but that its use by him has been general, continuous, and
  exclusive, so that it has become a distinguishing mark of his products.

In Equity.  Suit for relief by injunction against unfair competi-
tion in trade.  On final hearing.

Frederick W. Holls, for complainant.
Louis C. Raegener, for defendant.

KIRKPATRICK, District Judge.  The complainant herein is a
corporation engaged in the manufacture of ultramarine wash blue
and coloring matter, in the city of Nuremberg, in the kingdom of
Bavaria, which it alleges that it and its predecessors have contin-
uously since 1851 marketed in a box of a particular kind, size, and
style, thereby giving to their product a distinct and well-marked
individuality, which differentiated the same from all other wash
blues, by whomsoever made, and caused the same to be widely and
generally and favorably known to the trade by such distinguishing
marks.  The bill charges that the defendant, with knowledge of
these facts, and with intent to mislead the public, and induce them
to buy his inferior product of wash blue, has, without complainant's
consent, put upon the market, in substantially the same dress, his
packages of ultramarine wash blue, thereby creating an unfair com-
petition in trade, whereby the complainant is injured in its business,
and the public deceived.  Injunctive relief is prayed for.  The pack-
age to the use of which the complainant claims the exclusive right
consists of a box about $4\frac{1}{2}$ inches long, $3\frac{1}{2}$ inches wide, and $1\frac{1}{2}$ inches
deep.  It is made of pasteboard, covered on the outside with blue
paper having numerous gold stars printed upon it, and having the
edges of both the box and its lid bordered with gold-colored paper.
Upon the outside and top of the lid of each box is affixed a label
printed in blue ink upon white ground.  The words "Nuremberg
Ultramarine Works" are printed thereon in blue ink, and the words
"Trade-Mark" and "Schutzmarke" printed in red ink, and also in
undulating lines.  The label is divided into three panels inclosed in
lines printed in blue ink, and forming parallelograms.  Directions
for its use are printed in blue ink in the outer two of the three
panels, while within the large middle division, besides the printing
and undulating lines above referred to, is a coat of arms consisting
of three red shields, containing the monogram "U N" and the word
"Germany" printed in red at the bottom of the label.  Upon one
end of complainant's box there is affixed another label, containing
a shield and monogram "U N," with the word "Schutzmarke" print-
ed in blue ink on white paper; and at the opposite end of the box

there is another label, printed in blue and gold, upon white paper, containing representations of gold medals said to have been awarded at World's Fair held in Paris in 1867. The defendant admits that, so far as appearance goes, his package, with its cover and labels, would be sufficiently similar to that of complainant to entitle it to the relief prayed for, but he denies that the complainant has any exclusive property right in the box and label sued on. The issue made by the parties is one of fact. The burden of proof is on the complainant to establish its right. To entitle the complainant to a decree, the court should be satisfied that the complainant, or some one through whom it claims, was the first to adopt this particular style of dressing for ultramarine wash blue, and that since such adoption its usage by them has been general and continuous and exclusive. Their product must have become known to the general trade by this distinguishing mark, so that the use of it or its semblance by other dealers would have created confusion in the minds of intending purchasers, and they thereby induced to buy the goods of another believing them to be complainant's product. The testimony of Johannes Zeltner (who speaks from information only) tends to show that the complainant began the use of this particular style of packing for its goods in 1851, and has used it continuously since. He also swears that to his knowledge it was not used by any other dealers, but he fails to state what his opportunity for observation has been. On the other hand, Henry Merz, Margaretha Lautenschlager, Leon Hirsch, and Maurice D. Eger, importers, manufacturers, and dealers in ultramarine blue, all of whom reside in the United States, swear positively of their own knowledge that boxes similar in size and decoration to that described in complainant's bill have for nearly 20 years been imported into the United States from Germany and France, and that Heller & Merz, American manufacturers, have also used the boxes and labels for many years. Henry Merz, one of defendant's witnesses, testifies that he has been a manufacturer and dealer in wash blue in the United States; that for upwards of 20 years he has been acquainted with the trade, and that he has never known the imported product to be received into the United States except in boxes substantially similar in size and style of decoration to those used by complainant. He mentions names of several foreign manufacturers other than complainant, who, during all the 20 years, have been using the same style of dressing for their goods. Mr. Merz also testifies that the firm of which he was a member used for 18 years similar boxes and labels for packing ultramarine wash blue manufactured by them in the United States. Leon Hirsch, who has been for 18 years importer of ultramarine wash blue into the United States, buying from merchants in Germany, Saxony, and France, swears that all goods handled by him were packed in blue boxes, with gilt stars and edges, marked with a white label printed in blue, with smaller labels on the ends containing the word "Trade-Mark" and a gilt representation of gold medal, all substantially like that used by complainant. To the same effect is the testimony of Margaretha Lautenschlager and Maurice D. Eger. The evidence, taken as a whole, fails to satisfy me that the complainant has any

exclusive right to the use in this country of the box and labels described in its bill, or that said boxes and labels have become distinguishing marks by which its ultramarine wash blue has become known to the trade, or that their use by the defendant creates any confusion in the trade whereby dealers or purchasers or the general public are deceived. The bill should be dismissed.